# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

In re: **BUFFALO COAL COMPANY, INC.**,

        Debtor,

**JOHN W. TEITZ**, as Chapter 7 Trustee
for **BUFFALO COAL COMPANY, INC.**,

        Appellant,

v.                              **Case No. 2:10-MC-1**

**VIRGINIA ELECTRIC AND POWER**       Bankruptcy Case No. 06-00366
**COMPANY, d/b/a DOMINION**              Adv. Proc. No. 08-00038
**VIRGINIA POWER**,

        Appellee.

## ORDER DENYING MOTION FOR LEAVE
## TO APPEAL INTERLOCUTORY ORDER

Pending before this Court are John W. ("Jack") Teitz's Motion for Leave to Appeal Interlocutory Order (Doc. 1). In the Motion, John W. Teitz, as Chapter 7 Trustee for debtor Buffalo Coal Company, Inc. ("Trustee") seeks leave to file an interlocutory appeal to review the United States Bankruptcy Court for the Northern District of West Virginia's partial grant of a motion for summary judgment filed by Virginia Electric and Power Company, d/b/a Dominion Virginia Power ("VEPCO"). The Bankruptcy Court granted summary judgment against the Trustee on Count II of the Trustee's Amended Complaint in the above-styled adversary proceeding, but denied summary judgment on Counts I and III, which will proceed to trial.

1

Also pending before this Court is Defendant Virginia Electric and Power Company's Motion for Leave to File Supplement to Answer in Opposition to Plaintiff's Motion for Leave to Appeal Interlocutory Order (Doc. 3). This Motion seeks to add to the record the transcript of the Bankruptcy Court's telephonic hearing on the Trustee's motion to stay this Adversary Proceeding pending resolution of the motion for leave to appeal and, if granted, the appeal.

While this Court is of the opinion that the transcript of the telephonic hearing will be of limited utility in determining whether to grant leave to appeal because the standards being applied significantly differ, the Trustee has filed no opposition to the Motion. Accordingly, this Court will **GRANT** Defendant Virginia Electric and Power Company's Motion for Leave to File Supplement to Answer in Opposition to Plaintiff's Motion for Leave to Appeal Interlocutory Order (Doc. 3).

With respect to the Motion for Leave to Appeal, such an appeal is taken pursuant to 28 U.S.C. § 158(a)(3), which provides that district courts have jurisdiction to hear appeals of interlocutory orders and decrees of bankruptcy judges, with leave of the court. "Section 158(c) . . . provides that bankruptcy appeals 'shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts.' Accordingly, although section 158 provides no direct guidance concerning the grant or denial of leave to appeal interlocutory orders, many courts apply an analysis similar to that employed by the district court in certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b). **In re Swann Ltd. Partnership,** 128 B.R. 138, 140 (D. Md. 1991); **In re Energy Insulation, Inc.,** 143 B.R. 490, 493 (N.D. Ill. 1992); **In re**

***Neshaminy Office Bldg. Assoc.,*** 81 B.R. 301, 303 (E.D. Pa. 1987). This approach, while not required by the terms of section 158, provides a useful framework for considering the merits of a discretionary appeal." ***Atlantic Textile Group, Inc. v. Neal***, 191 B.R. 652, 653 (E.D. Va. 1996). *Accord*, ***In re Paschall***, 408 B.R. 79, 84 (E.D. Va. 2009).[1]

In ***Carman v. Bayer Corp.***, 2009 WL 2413633 (N.D. W.Va. Aug. 4, 2009), Judge Stamp set forth the standard to be applied under § 1292(b):

> Title 28, United States Code, Section 1292(b) permits a district court to . . . grant an interlocutory appeal if the Court believes that the order involves "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The interlocutory appeal mechanism was not intended to be used in ordinary suits and was not designed" to provide early review of difficult rulings in hard cases." ***North Carolina v. W.R. Peele, Sr. Trust***, 889 F.Supp. 849, 852 (E.D. N.C. 1995) (citing ***Abortion Rights Mobilization, Inc. v. Regan***, 552 F.Supp. 364, 366 (S.D. N.Y. 1982)). Rather, an appeal under § 1292(b) "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." ***Regan***, 552 F.Supp. at 366.
>
> The procedural requirements of § 1292(b) are to be strictly construed and applied, ***Myles v. Laffitte***, 881 F.2d 125, 127 (4th Cir. 1989), and the decision of whether to [grant an] interlocutory appeal is within the discretion

---

[1] Unlike § 1292(b), certification by the bankruptcy court is not required. ***In re Bertoli***, 812 F.2d 136 (3d Cir. 1987).

3

of the court . . . . **Riley v. Dow Corning Corp.,** 876 F.Supp. 728, 731 (M.D. N.C. 1992), *aff'd,* 986 F.2d 1414 (4th Cir. 1993). To determine whether an . . .interlocutory appeal [should be granted], courts generally apply the two-part test established by the language of § 1292(b). First, courts must determine whether there is a "controlling question of law as to which there is a substantial ground for difference of opinion." **Peele,** 889 F.Supp. at 852. Second, courts must inquire as to whether an interlocutory appeal would "materially advance the ultimate termination of the litigation." **Id.**

2009 WL 2413633, at *1; *See also* **Weirton Steel Corp. Liquidating Trust v. Amer. Comm. Barge Lines, LLC**, 2007 WL 2436887, *2 (N.D. W.Va. Aug. 22, 2007).

A review of the issues presented by the granting of summary judgment on Count II of the Amended Complaint reveals that the issues are fact specific. It appears that the significant factor is not the basic law, but rather how the law applies to the specific language of the specific, unique contract. Furthermore, the issue is not a "controlling" issue of law, since with or without the cause of action set forth in Count II, there still will be a trial in this case. For the same reason, granting the appeal would not "materially advance the ultimate termination of the litigation."

Even if the Trustee were ultimately successful on this issue, a second trial would not necessarily ensue. If the trier of fact finds that the termination of the Agreement was proper, Count II would be moot, and a second trial would be unnecessary.

"The finality requirement . . . evinces a legislative judgment that '[r]estricting appellate review to "final decisions" prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequence, but a single

controversy.'" ***Coopers & Lybrand v. Livesay***, 437 U.S. 463, 471 (1978), *quoting* ***Eisen v. Carlisle & Jacquelin****,* 417 U.S. 156, 170 (1974).

As noted by the Fourth Circuit, "piecemeal review of decisions that are but steps toward final judgments on the merits are to be avoided, because they can be effectively and more efficiently reviewed together in one appeal from the final judgments." ***James v. Jacobson***, 6 F.3d 233, 237 (4th Cir. 1993).

John W. ("Jack") Teitz's Motion for Leave to Appeal Interlocutory Order **(Doc. 1)** is hereby **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record.

**DATED:** January 8, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE